IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                          RESPONDENT

v.                              No. 4:11-cr-40037-001
                                No. 4:14-cv-4155

GREGORY LEWIS                                                        MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28

U.S.C. § 2255 (ECF No. 1355) filed herein by **GREGORY LEWIS**, (hereinafter referred to as

"Lewis").  Lewis is currently incarcerated at the United States Penitentiary, Pollock, Louisiana.  The

Motion was referred for findings of fact, conclusions of law and recommendations for the disposition

of the case.  The Government has responded to this Motion and asserts it should be denied. The

Court has considered the entire record and, as set out below, recommends the Motion to Vacate, Set

Aside or Correct Sentence be **DENIED**.

1. **Procedural Background**:

On September 14, 2011, Lewis was one of 66 defendants named in an indictment in this

Court.  ECF No. 1.  He was charged in six (6) of the 190 counts of the indictment.  Each of these

counts alleged various drug distribution crimes.  On November 3, 2011, Lewis appeared for an initial

appearance and arraignment.  ECF No. 338.  He was appointed counsel and entered pleas of not

guilty to all counts.  On March 12, 2013, Lewis appeared before United States District Judge Susan

O. Hickey and pled guilty to Count 3 of the indictment, namely, distribution of cocaine base within

1000 feet of an elementary school in violation of 18 U.S.C. §§ 841(a) and 860 and 18 U.S.C. § 2. ECF No. 1085.  Pursuant to his Plea Agreement, Lewis agreed to waive certain appellate and post-convictions rights including the right to bring a challenge pursuant to 18 U.S.C. § 2255 except for claims based on ineffective assistance of counsel which challenge his guilty plea or the waiver. ECF No. 1085 ¶ 7. In his Plea Agreement, Lewis acknowledged he faced a mandatory minimum term of imprisonment for 1 year and a maximum term of 40 years. ECF No. 1085 ¶ 12.  Additionally, Lewis acknowledged that discussions had taken place regarding his possible Guidelines range and agreed that any such discussions were merely attempts to guess at what appeared to be the correct guideline range and did not bind the Court.  ECF No. 1085 ¶ 16.  Judge Hickey tentatively approved the Plea Agreement and ordered a pre-sentence report ("PSR").

A PSR was prepared pursuant to the United States Sentencing Guidelines ("USSG").  ECF No. 1261. The PSR assessed a base offense level of 26.  ECF No. 1261 ¶ 21. Lewis's base offense level was increased by one due to the offense involving a protected location and increased by four due to him being an organizer or leader which resulted in an adjusted offense level of 31.  ECF No. 1261 ¶¶ 22, 25.  However, because Lewis was determined to be a career offender, his offense level was set at 34.  ECF No. 1261 ¶ 28.  After receiving a 3-point reduction for acceptance of responsibility, Lewis's total offense level was 31. ECF No. 1261 ¶¶ 29 – 31.

The PSR also assessed Lewis's criminal history at 11 points, placing him in category V.  ECF No. 1261 ¶ 50. Because he was determined to be a career offender, his criminal history category was increased to VI.  *Id*.  The resulting USSG advisory guideline range was 188 – 235 months imprisonment.  ECF No. 1261 ¶ 72.

Lewis appeared for sentencing before Judge Hickey on October 29, 2013. ECF No. 1268.

-2-

After giving final approval of the Plea Agreement, the Court granted Lewis's motion for departure.[1] ECF No. 1272 ¶ V.  The Court found Lewis's criminal history category was overstated and lowered it from a Category VI to a Category V.  This resulted in an USSG advisory guideline range of 168 -210 months imprisonment.  He was then sentenced to 180 months imprisonment, 6 years supervised release, and a $100 special assessment. ECF No. 1271.

On November 6, 2013, Lewis filed a *pro se* Notice of Appeal with the United States Court of Appeal for the Eighth Circuit.  ECF No. 1279.  On March 28, 2014, the United States filed its motion to dismiss the appeal based on the appellate waiver contained in the Plea Agreement.  The Eighth Circuit granted the motion to dismiss on April 23, 2014. The Eighth Circuit's Mandate dismissing the appeal was filed on May 14, 2014.  ECF No. 1330.

## 2.  **Instant Motion**:

Lewis timely filed the instant Motion on November 20, 2014.   ECF No. 1355.  In his Motion, Lewis asserts his trial counsel, Mr. Clay Janske ("trial counsel"), was ineffective in several particulars:

    a.  failure to investigate and prepare a meaningful defense,

    b.  failure to object to the Court's rulings on factual matters at sentencing,

    c.  failure to inform Lewis of effect and applicability of the armed career offender or career offender enhancements under the USSG,

    d.  failure to object to erroneous findings in the PSR related to the career offender enhancements,

---

[1]The Government indicates, in its response to this §2255 Motion, it filed a motion for down ward departure.  ECF No 1475 p. 3.  However, in its Statement of Reasons for its Judgment, the Court indicates it granted Lewis's motion for departure.  It is apparent, from the transcript of the sentencing hearing, Lewis moved for downward departure at sentencing, and the Court granted that motion.  ECF No. 1290 p.40-41.

e.  failure to move for downward departure or reduction of sentence,

f.  failure to argue there was no testimony he was not a manager or supervisor as set out in the PSR, and

g.  failure to argue a prior conviction used for enhancement purposes occurred when Lewis was sixteen years of age.

The Government has responded to this Motion and asserts Lewis's trial counsel was not ineffective in any particular, urging the Court to deny the Motion.   ECF No. 1475.   Lewis replied to the Response.  ECF No. 1524.  I have considered all of the pleadings and matters of record in making this Report and Recommendation.

**3.  <u>Discussion</u>:**

A § 2255 motion is fundamentally different from a direct appeal.   The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Lewis raises seven different claims of ineffective assistance of counsel.

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984).   In order to prevail on an ineffective assistance

of counsel claim, under *Strickland*, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence," and (2) "the deficient performance prejudiced [his] defense."  *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).  When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy."  *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. at 689)).  "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court must consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances."  *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citations omitted).  The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight.  *See id.*  There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ."  *White,* 341 F.3d at 678.  If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]."  *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Strickland*, 466 U.S. at 694.  Prejudice can only be found if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

For the reasons set out below, I do not find Lewis has established ineffective assistance of counsel for any of the claimed deficiencies.

**a.  Trial counsel failed to investigate and prepare a meaningful defense**.

Lewis asserts trial counsel was ineffective when he

> failed to adequately investigate petitioner's criminal case by conducting the required interviews of witnesses', then examining any and all the physical evidence, convessing [sic] and marshalling [sic] facts, gathering evidence for the defense of the petitioner.

*See* Instant Motion, ECF No. 1355-1 p. 4.  Lewis does not name any specific witness or the purported substance of what such a witness could testify about which trial counsel failed to interview or contact.  He does not give any indication what evidence, if any, trial counsel failed to examine or gather on his behalf.  The foregoing quoted allegation is the sum total of the factual allegations made regarding this claim.  Lewis claims this is sufficient pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972).  *Haines* is a case where the Court considered a civil complaint filed pursuant to 28 U.S.C. § 1983 and is not directly applicable here.  More appropriate to this § 2255 motion is *Sanders v. United States*, 236 F.3d 950 (8th Cir. 2001) where the Court stated, when faced with an almost identical claim of ineffective assistance for failure to investigate:

> While a pro se § 2255 petition might require the more liberal construction that a court would give pro se pleadings in any other civil case, Saunders's petition lack[s] sufficient specificity under even the most liberal pleading requirements. *Cooper v. Schriro*, 189 F.3d 781, 785 (8th Cir.1999). Although Saunders's petition shows

> considerable legal sophistication, it is surprisingly vague when it comes to identifying the alleged witnesses and the substance of their testimony, lacking even an affidavit from Saunders saying who they are and what they know and how that helps his case.

236 F.3d at 953. Here, Lewis's motion contains no supporting affidavit, other evidence or information to give more specificity to his vague claim of failure to investigate. In short, it "lack[s] sufficient specificity under even the most liberal pleading requirements." *Id*. Without such specificity, it is impossible to determine what prejudice, if any, might have resulted from the alleged failure to investigate. This Claim should be denied.

**b. Trial counsel failed to object to the Court's rulings on factual matters at sentencing**.

Lewis next claims trial counsel failed to adequately object to the Court's factual rulings at sentencing. Specifically, he claims:

> Counsel should have lodged various objections to trial court's numerous findings and ruling that were contrary to established Supreme Court decisions.

*See* Instant Motion, ECF No. 1355-1 p. 5. As with the first claim, this claim contains no specific allegation and should be denied. *See Sanders*, 236 F.3d at 953. However, Lewis does several raise specific claims about trial counsel's conduct at or before sentencing, and these are addressed below.

**c. Trial counsel failed to inform Lewis of possible application of career offender enhancement**.

Lewis's third claim asserts trial counsel was ineffective for failing to inform him of the possible impact of the career offender or armed career offender enhancements. Specifically, he claims:

> Counsel failed to explain the context of the accepted plea bargain and the effects of a sentencing enhancement pursuant to 4B1.1 and adjustment level increases. (See Plea Bargain, pg 5 @ 10) Lewis was totally unaware of the increased sentence he faced in pleading guilty. Counsel never at any point reviewed the entire contains

[sic] of the plea bargain or explained the basic point system employed in scoring.
. . .
Counsel mislead Lewis into belief that he would not face anything more than 60 to
120 months at the maximum, never giving any explaination as to what a career
offender was. . . .

*See* Instant Motion, ECF No. 1355-1 p. 6.   The Plea Agreement itself (ECF No. 1085) belies

Lewis's assertion he was unaware of the maximum sentence he faced.  The "maximum term" of 40

years imprisonment is clearly spelled out in the Plea Agreement.  ECF No. 1085 ¶ 12.  Further, at

the change of plea hearing on March 12, 2013, Judge Hickey specifically informed Lewis of the

possible sentence which would be imposed:

> **THE COURT**:  The statutory penalty is not less than one year and not more than 40
> years imprisonment, not more than $2 million fine, or both.  If you are sentenced to
> a term of confinement, then a term of supervised release may also be part of that
> sentence. If after you are released from confinement, if you violate a term of that
> supervised release, then an additional term of confinement may be imposed upon
> you.
>
> Do you understand that?
>
> **THE DEFENDANT**: Yes, ma'am.
>
> **THE COURT**:  There is also, Mr. Lewis, if you have a prior felony drug offense
> conviction, then that penalty can increase. Do you understand that?
>
> **THE DEFENDANT**: Yes, ma'am.

Transcript, ECF No. 1288, p. 4.  Lewis is entitled, pursuant to FED. R. CRIM. P. 11(c)(1), to be

advised of the maximum sentence applicable to his conviction.  He was clearly advised of this

maximum sentence.  Further, he clearly indicated he understood the maximum penalty and potential

of an enhanced penalty.  Judge Hickey also explained the operation of the USSG and the fact neither

the Court nor trial counsel would be able to know the guideline application until after the PSR was

prepared.  In part, the Court explained:

>THE COURT: Now Mr. Lewis, before we do that, I am going to go over a few things with you. If you do change your plea today, you will be sentenced according to the United States Sentencing Guidelines. . . . Do you understand that?

>THE DEFENDANT: Yes, ma'am.

>THE COURT: I want you to also understand that at this point in time I do not know what your guideline range will be. Mr. Lewis, I don't know anything about you. And until I get that presentence report, I'm not going to know anything about you. So I don't know what your guideline range will be. Now Mr. Janske may be able to give you an idea what he believes the guideline range will be, but until he gets that presentence report, he's not going to know what the guideline range is either. Do you understand that?

>THE DEFENDANT: Yes, ma'am.

Transcript, ECF No. 1288, p. 6-7.

In similar case cited by the Government, where the defendant claimed his counsel had not advised him of the possibility of career offender status being applied, the Eighth Circuit held:

>At the time of the plea hearing, it was impossible to know, or even predict, whether Thomas would be sentenced as a career offender. As the district court pointed out at that hearing, and as Thomas stated he understood, the court would be unable to determine the guidelines sentence for him until after the presentence report had been completed. Thomas further stated that he had no complaint about the job of lawyering  his counsel had done, that he was satisfied with the advice and services and representation his lawyer had given him, and that if he were dissatisfied or disgruntled or disappointed with the eventual disposition [of his] case his lawyer will not be the one to blame for that.

*Thomas v. United States*, 27 F.3d 321, 325-26 (8th Cir. 1994).  The Eighth Circuit denied this claim of ineffective assistance of counsel.  Almost this exact scenario played out in Lewis's case.  Judge Hickey gave him essentially the same admonition as was given the defendant in *Thomas*.  Further, Lewis acknowledged at the change of plea hearing he had read and discussed the Plea Agreement

-9-

with trial counsel.  The Plea Agreement itself contained this language:

> 16.  The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case.  The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the District Court. . . .

ECF No. 1085 ¶ 16.

Thereafter, Lewis was sentenced to a term of 180 months imprisonment or 15 years.  This sentence was the result of a downward departure granted by the Court at the request of his trial counsel.  Lewis's claim he was "totally unaware" of the potential sentence to be imposed in this case is wholly without merit.

Lewis makes no claim of actual innocence here.  Assuming trial counsel did not advise Lewis of the application of the career offender statutes and assuming Lewis would have not entered a guilty plea had he been so advised, he would in all likelihood have been convicted based on the factual basis he agreed to at the change of plea hearing.  *See* Transcript, ECF No. 1288 pp. 9-10, and Plea Agreement, ECF No. 1085 ¶ 2.  There is no reason to believe he would not have been sentenced as a career offender.  Had he gone to trial would not have received a deduction for acceptance of responsibility.  It is likely he would not have been granted a downward departure.  He may have been convicted of other counts in the Indictment as well.  His sentence, in the scenario of a trial, would have almost certainly been substantially higher than the sentence actually imposed.  The 180 months imprisonment actually imposed was well below the maximum sentence set out in the Plea Agreement and described by the Court at his change of plea hearing. Even if I were to assume trial counsel had not advised him of the possible application of the career offender statutes, and he had elected to go to trial, there is no reasonable probability his result would have been more favorable

-10-

or different in any regard. In all likelihood it would have been less favorable.

Lewis's claim regarding trial counsel's alleged failure to inform him of the possible application of the career offender statutes should be denied.

**d.  Trial counsel failed to object to certain erroneous findings in the PSR**.

Lewis next claims his trial counsel failed to object to certain findings in the PSR related to his career offender status.  He disputes he qualifies as a career offender and claims trial counsel should have objected to this finding based on *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013).  In *Descamps,* a defendant was determined to be subject to enhanced statutory penalties based on the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  This was based in part on a prior conviction for burglary pursuant to California Penal Code Ann. § 459 which provides "a person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary."  133 S.Ct. at 2279.  Defendant argued this was not a "generic" definition of burglary and thus not a crime countable when determining armed career criminal status.  The Ninth Circuit affirmed the finding of armed career criminal, holding that its decision in *United States v. Aguila–Montes de Oca*, 655 F.3d 915 (9th Cir. 2011), permits the application of the "modified categorical approach" to a prior conviction under a statute that is "categorically broader than the generic offense."  The Supreme Court reversed and held the "modified categorical approach" was inapplicable with regard to the ACCA and "divisible" crimes such as the California burglary statute which has alternative elements allowing conviction.  *Id.* 133 S.Ct. at 2281-82.

I note Lewis was not sentenced pursuant to the ACCA, and for the reasons below, I find Lewis's argument regarding trial counsel's failure to make objections pursuant to *Descamps*

unavailing.

Specifically, Lewis claims a prior conviction pursuant to Ark. Code. Ann § 5-74-104 (engaging in a continuing criminal gang, organization, or enterprise) should not have been used to qualify him as a career offender. He claims trial counsel should have known the *Descamps* decision made § 5-74-104 "inapplicable for use" in determining career offender status. Trial counsel in fact did file objections to the PSR's career offender finding, but did not reference *Descamps*. *See* Addendum to PSR, Objections Nos. 6 and 11, ECF No. 1261-1.

Lewis asserts *Descamps* prevents the Court from using his Arkansas conviction for engaging in a continuing criminal gang, organization, or enterprise in making the career offender decision under the USSG. He misapplies the rule of *Descamps*. The *Descamps* decision relates to the application of the ACCA sentencing enhancement. Lewis was not sentenced as an armed career criminal under that statute. Rather, he was found to be a career offender under Chapter Four of the USSG. *Descamps* does not apply and his claim in this regard should be denied.

Finally, Lewis asserts there was no "documented evidence that would support the enhancement to career offender status." ECF No. 1355-1 p 7-8. This assertion is not accurate. The Government in fact introduced copies of the charging information and judgment of conviction for engaging in a criminal enterprise at sentencing. *See* Transcript, ECF No. 1290 pp. 30-31.

I also note Lewis's claim in this regard is not cognizable in a § 2255 proceeding. Sentencing Guideline claims such as this one should have been raised on direct appeal. *See Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995). As noted above, collateral proceedings under § 2255 cannot be used as a substitute of appeal. *See United States v. Ward*, 55 F.3d 412, 413 (8th Cir.1995).

While a prisoner can obtain relief pursuant to § 2255, he can only do so if the sentence imposed was in excess of the maximum authorized by law, i.e. violations of statutes establishing maximum sentences, rather than garden-variety Sentencing Guideline application issues. Lewis was sentenced well below the statutory maximum. Lewis's claim should be denied for this reason as well.

**e. Trial counsel failed to move for downward departure or reduction of sentence**.

Next, Lewis claims trial counsel failed to move for a downward departure. This claim is flatly contradicted by the record of the sentencing hearing. Trial counsel moved for a downward departure and the Court granted the motion. *See* Transcript, ECF No. 1290, pp 34-35, 40-41. The Court departed downward and lowered Lewis's criminal history category from Category VI to Category V, despite him being a career offender. This resulted in the USSG range being lowered from 188-235 months to 168-210 months. *See* Transcript, ECF No. 1290, p. 41. This claim should be denied.

**f. Trial counsel failed to argue Lewis  was not a manager or supervisor.**

Here, Lewis actually argues there was no evidence to support a finding he was a manager or supervisor of the criminal organization and thus should not have had his USSG range increased. ECF No 1355-1, p. 10. He claims trial counsel should have filed a sentencing memorandum making this argument.

Trial courts in the Eighth Circuit have often held that failing to file a sentencing memorandum is not, in and of itself, ineffective assistance of counsel. *See*, *Reid v. United States*, 2010 WL 3829397, at *11 (E.D. MO. September 23, 2010); *Gomez v. United States*, 100 F.Supp.2d 1038 (S.D. 2000). There is no *per se* ineffectiveness for failing to file a sentencing memorandum.

-13-

Lewis makes no specific allegation regarding what such a sentencing memorandum could have contained, in addition to trial counsel's abjections and arguments at sentencing, which would have possibly changed the outcome of his sentencing.  The PSR applied a four level increase to Lewis's total offense level for his role in the offense as a manager or supervisory.  *See* PSR, ECF No. 1261 ¶ 25.  Trial counsel objected and argued against the application of USSG § 3B1.1(a) in this regard.  *See* Addendum to PSR, Objections Nos. 1 and 4, ECF No. 1261-1. The Court, after considering trial counsel's argument regarding Lewis's leadership role, *reduced* the PSR's four level enchantment to a two level enhancement.  Trial counsel was specifically effective in this regard.

Finally, even had the Court found a four level increase based on role in the offense, Lewis's adjusted offense level would have been 31 under the USSG.  *See* PSR, ECF No. 1261, ¶ 27.  Because Lewis was determined to be a career offender, his adjusted offense level was 34 pursuant to USSG § 4B1.1.   *See* PSR, ECF No. 1261 ¶ 28.   Thus the adjustment of either two or four points based on his role in the offense was of no consequence.

Lewis's claim in this regard should be denied.

**g. Trial counsel failed to argue a prior conviction was improperly used for enhancement purposes**.

Lewis's final claim is trial counsel failed to argue he was sixteen years of age at the time of his conviction for one of the prior convictions used for enhancement purposes.  ECF No. 1355-1 p. 12.  He actually argues the Court erred in considering a prior conviction which occurred when he was sixteen years old.  He cites the Juvenile Delinquency Act, 18 U.S.C. § 5031 *et al.*,  in support of his claim.  The conviction at issue was one for robbery pursuant to Ark. Code Ann. § 5-12-102 and occurred in 1995 when Lewis was in fact 16 years old.  His argument regarding trial counsel's failure

to argue this conviction was improper is contradicted by the record in this case.  Trial counsel filed a specific objection to the inclusion of this 1995 conviction in the PSR's criminal history calculation.  *See* Addendum to PSR, Objections No. 6, ECF No. 1261-1. The fact the Court overruled trial counsel's objections does not make his representation ineffective.   Lewis's claim here should be denied as trial counsel in fact did argue this point.

Lewis's claim 18 U.S.C. § 5031 *et al.* prevents use of this 1995 conviction is unavailing as well.   The Federal Juvenile Delinquency Act (FJDA) provides the procedure for the adult prosecution of minors in the United States District Courts.  Pursuant to § 5032:

> A juvenile alleged to have committed an act of juvenile delinquency, other than a violation of law committed within the special maritime and territorial jurisdiction of the United States for which the maximum authorized term of imprisonment does not exceed six months, shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), or section 1002(a), 1003, 1005, 1009, or 1010(b)(1), (2), or (3) of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 953, 955, 959, 960(b)(1), (2), (3)), section 922(x) or section 924(b), (g), or (h) of this title, and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032.  The FJDA governs the prosecution of minors in United States District Court.  The use of state convictions of minors in sentencing adults in Federal court is not governed by the FJDA.

An offense committed prior to age 18 counts for criminal history purposes pursuant to the USSG as long as the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month. U.S.S.G.  § 4A1.2(d)(1) (n.7).  *See United States v. McNeil*, 90

F.3d 298, 299-300 (8th Cir. 1996).  While Lewis was only 16 years old at the time of the 1995 conviction, he was charged as an adult, convicted as an adult, and sentenced to a twenty-year term of imprisonment.  *See* PSR, ECF No. 1261 ¶ 35.  The Court correctly counted the 1995 conviction as a predicate offense for determining career offender status  The Government was not required to "ratify" Lewis as an adult, because he was indisputably an adult at the time he committed the crime for which he was convicted in this case.  The Court properly considered the 1995 robbery conviction in determining Lewis's criminal history in this case.  This Claim should be denied.

Accordingly, the instant  Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 should be denied.

**4.  No Evidentiary Hearing is Required**:

Title 28, U.S.C. § 2255 provides in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

28 U.S.C. § 2255.  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states in part:

If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

I have reviewed Lewis's claims and the record in this case.  He is not entitled to relief in this court and no hearing is necessary.  Further, Lewis has not made a substantial showing of violation of a constitutional right.  Accordingly, no Certificate of Appealability should be granted.  *See* 28 U.S.C. § 2253(c)(2).

**5. Recommendation**:

-16-

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1355) be **DENIED**.   I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **18th day of February 2015.**

  /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE