IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                            Case No. 4:11-cr-40037
                              Case No. 4:14-cv-4155

GREGORY LEWIS                                                                   DEFENDANT

**<u>ORDER</u>**

  Before the Court is Defendant's Application for a Certificate of Appealability. (ECF No. 1678). For the reasons stated herein, Defendant's Motion should be denied.

  On March 12, 2013, Lewis pled guilty to distribution of cocaine base within 1000 feet of an elementary school in violation of 18 U.S.C. §§ 841(a) and 860 and 18 U.S.C. § 2. (ECF No. 1085). Pursuant to his Plea Agreement, Lewis agreed to waive certain appellate and post-convictions rights including the right to bring a challenge pursuant to 18 U.S.C. § 2255 except for claims based on ineffective assistance of counsel which challenge his guilty plea or the waiver. (ECF No. 1085 ¶ 7). Lewis was then sentenced to 180 months imprisonment, 6 years supervised release, and a $100 special assessment. (ECF No. 1271).

  Lewis then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1355). In the motion, he asserted that his trial counsel was ineffective in several respects. The Court denied the motion, adopting the Report and Recommendation of United States Magistrate Judge Barry A. Bryant. (ECF No. 1673). Lewis now seeks to appeal the Order denying his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

  Lewis cannot appeal the dismissal of his habeas petition unless a circuit or district judge issues a certificate of appealability, and a certificate of appealability will be issued only when a

petitioner makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1989)). A habeas petitioner must show more than just an absence of frivolity. *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983).

After careful consideration of Lewis's arguments, and for the reasons stated in the recommended disposition adopted by the Court and the judgment adopting those recommendations (ECF Nos. 1355 & 1672), the Court finds that jurists of reason would not find it debatable that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Accordingly, Defendant's Application for a Certification of Appealability (ECF No. 1678) is hereby **DENIED**.

**IT IS SO ORDERED**, this 12th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge